## McGrogan v. City of Beaver Falls

*Evans & Hood*, for appellant.

*George W. Lucas*, for responent.

SOHN, P. J., August 24, 1965.—There is no factual issue in this case. Jack McGrogan, appellant, is a

licensed barber engaged in that occupation in the City of Beaver Falls. On December 5, 1938, city council enacted ordinance no. 805. Section X of the ordinance is as follows:

"SECTION X, Barber shops shall not be open or conduct any business on any holiday or Sunday. They shall not be open or conduct any business on any Monday, Tuesday, Thursday, or Friday, except from 8:30 o'clock A. M. Eastern Standard Time to 6:00 o'clock P.M. Eastern Standard Time; on any Wednesday, except from 8:30 o'clock A.M. Eastern Standard Time to 12:00 o'clock P.M. Eastern Standard Time, and on any Saturday except from 8:30 o'clock A. M. Eastern Standard Time to 8:00 o'clock P. M. Eastern Standard Time, provided, however, that they may be open and conduct business on Wednesday of any week in which there occurs a holiday and provided further that barber shops may stay open and conduct business on any week day immediately preceding a holiday from 9:30 o'clock A. M. Eastern Standard Time to 8:00 o'clock P. M. Eastern Standard Time. Provided, however, that the Chief of Police of the City of (Mayor) Beaver Falls shall upon application of the proprietor of any barber shop, and upon proof that barber service to the public so requires, issue a permit effective for a limited time for the operation of a particular barber shop, at such times outside of and beyond those fixed in this Ordinance, as is required by temporary public necessity, with the power to renew the said permit upon further proof of public necessity. Provided, further that between the last Sunday of April of each year and the last Sunday of September of the same year, the hours between which barber shops may be open and conduct business shall, in each of the foregoing instances, be one hour earlier and in advance of the times set forth above according to Eastern Standard Time.

"The word 'holiday' in this Ordinance shall be con-

strued to mean the following days: New Year's Day, Memorial Day, Fourth of July, Labor Day, Armistice Day, Thanksgiving Day, and Christmas Day".

On Wednesday, June 23rd, 1965, at approximately five o'clock p. m., McGrogan was working as a barber in his place of business. He conceded that his conduct was in violation of the terms of the ordinance. McGrogan paid the fine and costs imposed at a hearing. Subsequently, an appeal was allowed.

The only issue in the case is whether or not the ordinance and the statute under the terms of which the ordinance was enacted are constitutional.

The Act of June 5, 1937, P. L. 1689, sec. 7, 63 PS §566, provided as follows:

"Nothing contained in this act, or the act to which this is an amendment, shall be construed as prohibiting any municipality from adopting appropriate ordinances, not inconsistent with the provisions of this act or the rules and regulations adopted thereunder, as may be deemed necessary to promote the public health and safety and regulate the conduct of barber shops and schools, and any municipality shall have power, by proper ordinances, to fix the days and hours during which barber shops in the said cities may be open for business: Provided, however, That in any such ordinance, provisions shall be made that a designated local health or police official may, upon application of the proprietor of any barber shop and upon proof that barber service to the public so requires, issue a permit effective for a limited time for the operation of a particular barber shop, at such times outside of and beyond those fixed in the said ordinances, as is required by temporary public necessity, with the power to renew the said permit upon further proof of public necessity".

The statute was amended in 1949, and twice in 1951. The amendments do not relate to matters in issue in this case.

The issue before us has been decided by trial courts and by the appellate courts.

In Commonwealth v. Teman, 17 Lehigh 405, Judge Henninger said:

"Against the two jurisdictions upholding such ordinances, the overwhelming weight of authority has been contrary to the city's contention and ordinances providing hours for barber shops have been held unconstitutional in all of these cases. Denver vs. Schmid, 52 Pac. 2d (Col.) 388; Knight vs. Johns, 137 So. (Miss.) 509; Alexander vs. Hall, 131 So. (La.) 722; State vs. Johannes, 259 N. W. (Minn.) 537; Ernesti v. Grand Island, 251 N. W. (Neb.) 899; State vs. City of Laramie, 257 Pac. (Wyo.) 107; Patton vs. City of Bellingham, 38 Pac. 2d (Wash.) 364; Gauley vs. Claeys, 40 Pac. 2d (Cal.) 817. Eaves vs. City of Detroit, 272 N. W. (Mich.) 896. In all of the above cases, the respective courts held that there was no reasonable relation between the avowed purpose of the ordinances there considered (inspection of the shops) and the hours during which the shop should remain open and that what was probably the true purpose, namely to compel the recalcitrant few to conform to the hours desired by the many, was not an object which could be accomplished constitutionally by such legislation. Besides these Appellate Court decisions from other jurisdictions we have a well reasoned lower court opinion in Pennsylvania holding unconstitutional a similar ordinance passed by the City of Nanticoke. Nanticoke vs. Stolarski, 26 D. & C. 271".

In Commonwealth v. Tuturice, 35 D. & C. 266, Judge Dannehower said:

"The majority of cases which have considered the validity of ordinances containing provisions requiring barber shops to be closed at certain fixed times on secular days have reached the conclusion that such provisions have no reasonable relation to the public safety,

health, morals, or welfare and are an invalid exercise of the police power; McDermott v. City of Seattle et al., 4 Fed. Supp. 855 (1933); Patton v. The City of Bellingham et al., 179 Wash. 566, 38 P. (2d) 364; Ganley v. Claeys et. al., 2 Cal. (2d) 266, 40 P. (2d) 817; Eanes et al. v. City of Detroit et. al., 279 Mich. 531, 272 N. W. 896; City of Nanticoke v. Stolarski, 26 D. & C. 271; Commonwealth v. Teman, 29 Mun. L. R. 191; Kellerman et al. v. City of Philadelphia et al., 34 D. & C. 264".

In Nardello v. City of Philadelphia, C. P. No. 1, March term, 1936, no. 6418, Judge Parry, in the course of his opinion, said:

" 'It cannot be disputed that the number of hours a barber shop may be open bears no direct relation to the public health or safety; it cannot affect either of them in any way. Nor in our opinion is any reasonable relation established by the fact that inspection may be necessary to enforce the sanitary regulations. The contention that adequate inspection will be impossible if the shops are open at all hours is manifestly untenable; perhaps adequate inspection may require either a larger force of inspectors or a division of the force. These, however, are mere matters of convenience to the city, do not constitute a standard for determination and afford no basis for an otherwise unwarranted interference with the use and control of the property of the complainants' ".

We can best close this opinion by quoting from City of Nanticoke v. Stolarski, 26 D. & C. 271, 277, where it is said:

"The regulation is a clear interference with the use and control of property, and we are unable to discover what reasonable relation, the provision of the ordinance regulating the time of opening and closing of barber shops bears to the public safety, health, morals, or general welfare. Obviously the health, safety, and

morals of neither barbers nor their patrons are served by this regulation".

In Kellerman v. Philadelphia, 139 Pa. Superior Ct. 569, Judge Rhodes said:

"We express no opinion as to the directness of relation between the public health and the provisions of the challenged section of the ordinance, but we are convinced that the court below correctly held the section contained an unconstitutional delegation of legislative power.

"Legislative power in Pennsylvania is vested solely in the General Assembly by article 2, section 1, of the Constitution of Pennsylvania, PS Const. art 2, §1. The mandatory provision embodied in this section of the Constitution has been many times interpreted by our courts in respect to a variety of enactments of the legislature imposing upon some persons or body of persons duties or powers concerning application or enforcement of the provisions of the particular enactment. . . .

"But any legislative enactment which vests in a person or body of persons free of any standard independent of his or their own mind and judgment the power of supplying, or giving force to, or suspending its terms falls beyond the limits of judicial approval evidenced in the foregoing authorities, and is unconstitutional as a delegation of the power reposed exclusively in the legislature. . . .

"When section 10 of the ordinance in question is measured against the authorities to which we have referred, the character of its provisions is apparent. The standard erected for the guidance of the Director of Public Health in the exercise of his discretion to suspend the provision of the ordinance is 'public necessity' as 'in the opinion' of that officer it may appear. This is not a sufficient standard to properly guide his determinations. He is entrusted with purely discretion-

ary powers. The term 'public necessity' has no other meaning than that which may be attributed to it by him in his 'unfettered and uncontrolled' judgment upon each application. The power delegated to him is clearly legislative, in nature, and unlawful.

"We are of the opinion that section 10 of the ordinance of June 27, 1935, as amended on August 15, 1938, is invalid in its entirety".

In Saccone v. Scranton, 341 Pa. 527, Mr. Chief Justice Schaffer said:

"The court below invalidated an ordinance of the City of Scranton relating to barber shops on the ground that it violated Article 2, Section 1, and Article 1, Section 1 of the Constitution of Pennsylvania, and the 14th amendment to the Federal Constitution. We propose to pass upon that feature of it only which involves an unlawful delegation of legislative power. Parenthetically, we may observe that it is difficult to understand how the ordinance could be considered a health measure and as such a valid exercise of the police power. . . .

"That the authority given to the Department of Public Safety is an unlawful delegation of legislative power is clear under all the cases, because there is no standard set up for its guidance; Holgate Bros. & Co. v. Bashore, 331 Pa. 255, 200 A. 672; O'Neil v. Am. Fire Ins Co., 166 Pa. 72, 30 A. 943; Kellerman v. Phila., 139 Pa. Superior Ct. 569, 13 A. 2d 84".

The most recent case coming to our attention was decided by the late President Judge McCreary of this court. In Commonwealth ex rel. Aliquippa v. Guerrierri, 15 Beaver 167, he said:

"The problem is one for the legislature to correct. If a barber shop ordinance, fixing the days and hours for opening and closing is passed without the proviso, it is void because the legislature insists that the proviso be in the ordinance. If one is passed with the pro-

viso required by the legislature, it is unconstitutional".

It is our conclusion that section X of the ordinance no. 805 of the City of Beaver Falls is unconstitutional and, therefore, void.

ORDER

And now, to wit, August 24, 1965, it is ordered, adjudged and decreed that the appeal be, and it is hereby sustained; the levying of a penalty and costs in the within proceedings is reversed and the amounts paid by appellant shall be returned to him.